UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARIKSHIT GAIKWAD, | ) |
| Plaintiff, | ) Civil Action No. 1:25-CV-13596 |
| v. | ) |
| AMBER HANSON, | ) |
| Defendant. | ) |

**PLAINTIFF PARIKSHIT GAIKWAD'S OPPOSITION TO AMBER HANSON'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE**

David H. Rich (BBO No. 634275)
Evan A. Johnson (BBO No. 699582)
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
ejohnson@toddweld.com
drich@toddweld.com

Dated: December 30, 2025

Plaintiff Parikshit Gaikwad ("Mr. Gaikwad") respectfully opposes Amber Hanson's ("Ms. Hanson") motion to dismiss or transfer venue. Ms. Hanson's Motion is yet another attempt in a long line of attempts to thwart the administration of justice. Ms. Hanson's Motion is premised on a claim that her activities giving rise to Mr. Gaikwad's claims are so unrelated to Massachusetts, that she cannot be sued here. Under the circumstances related to this action, including Ms. Hanson's guilty plea to felonies including: perjury, making a false police report, fabricating evidence, harassing Mr. Gaikwad and obstruction of justice, one would expect Ms. Hanson to be transparent with the Court concerning her conduct and where it took place. Evidently Ms. Hanson has yet to learn her lesson.

Attached hereto as **Exhibit A** is a sheriff's report from the criminal investigation into Ms. Hanson's illegal misconduct which underlies the claims advanced in this lawsuit. Page seven of the sheriff's report confirms Ms. Hanson's illegal activities were undertaken, at least in part, from a <u>Starbucks in Framingham, Massachusetts</u>. The police report notes the following:

> Subscriber: Starbucks National
> Service Address: 573 Worcester Rd. Framingham, MA 01701
> Telephone #: (978)732-3436
>
> I also received the video surveillance from Starbucks. The video surveillance was later impounded at the Evidence Control Section. I reviewed the video surveillance. I observed the following (date and timestamp are according to the video and are approximate):
>
> 03/09/24
> 7:02:14 PM- Amber Hanson entered the Starbucks and walked to the counter.
> 7:02:40 PM- Amber Hanson stood at the counter and appeared to have two cell phones in her hands.
> 7:03:05 PM- Amber Hanson placed an order and paid with cash.
> 7:05:14 PM- Amber Hanson received a beverage and proceeded to sit at a table.
> 7:05:30 PM- Amber Hanson was actively using one of the phones as she sat down.
> 7:09:55 PM- Amber Hanson put the first cell phone down (with the screen still on) and picked up the second cell phone.
> 7:10:02 PM- Amber Hanson purposely kept the first phone's screen active referring to it as she used the second cell phone.
> 7:20:56 PM- A Starbucks employee said something to Amber Hanson.
> 7:24:48 PM- Amber Hanson closed the phone she was using, picked up the second phone, and got up from the table.
> 7:25:10 PM- Amber Hanson exited the Starbucks.

Make no mistake, Ms. Hanson's illegal misconduct included traveling <u>to Massachusetts</u>, visiting a Starbucks near Mr. Gaikwad's home, and sending bogus text messages to herself

1

(supposedly from Mr. Gaikwad) so Ms. Hanson could report it to the Florida police and continue targeting Mr. Gaikwad in Massachusetts.  Ms. Hanson's activities <u>in Massachusetts</u> were an essential part of her plot, namely fabricating evidence to falsely accuse Mr. Gaikwad.  Ms. Hanson's suggestion in the Motion that no evidence or witnesses in this case reside in Massachusetts is pure fantasy, as set forth in the Affidavit of Pari Gaikwad, attached hereto as **<u>Exhibit B</u>**.  It is nothing short of extraordinary that given these indisputable facts that she could seriously contend the above-captioned case should be dismissed on jurisdiction grounds or transferred from Massachusetts.  Her Motion should be denied and Mr. Gaikwad should be awarded his attorneys' fees and costs associated with having to defend against her frivolous motion.

## **<u>MATERIAL FACTS</u>**[1]

In November 2023, Mr. Gaikwad initiated a lawsuit (hereinafter referred to as "the State Court Action") against Ms. Hanson based upon her vicious attempts to destroy Mr. Gaikwad's life with false allegations of rape.  *See generally* Compl. at <u>Ex</u>. <u>A</u> (State Court Action Complaint).  Before then, Ms. Hanson had engaged in a consensual relationship with Mr. Gaikwad in Massachusetts from April 2022 to September 2022.  Mr. Gaikwad, unnerved by Ms. Hanson's lies during their relationship, including her obviously false claimed ties to the Obamas and Peter Thiel, terminated their relationship.  Ms. Hanson, enraged and unhinged, targeted Mr. Hanson in Massachusetts with false and defamatory websites accusing him of rape; created

---

[1] The material facts contained herein are based upon the allegations of the Complaint in the above-captioned case, as well as the affidavit of Mr. Gaikwad, all of which the Court must further accept as true.  *See Baskin–Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016) (a court must "take the facts from the pleadings and whatever supplemental filings (such as affidavits) are contained in the record").

online alter-egos to amplify her fabricated claims; paid search engine optimization professionals further amplify it; and targeted Mr. Gaikwad's personal and professional contacts in Massachusetts with her bogus claims. The State Court Action, which remains pending in Middlesex Superior Court in Massachusetts, sought to hold Ms. Hanson responsible for her vicious targeting of Mr. Gaikwad with such false claims, which are rebutted by Ms. Hanson's own text messages contradicting her story. *See generally* Compl. at Ex. A.

With no legitimate defense to the State Court Action, Ms. Hanson sought to eliminate Mr. Gaikwad's Massachusetts lawsuit (and to destroy Mr. Gaikwad all together) by manufacturing and fabricating evidence, lying to law enforcement authorities and judges in order to have Mr. Gaikwad arrested and ultimately jailed. Included among her illegal activities, on or around March 9, 2024, Ms. Hanson traveled to Massachusetts to a Starbucks for the purpose of preparing and sending threatening text messages to herself, purporting to come from Mr. Gaikwad. *See* Ex. A at 7-9 (sheriff's investigation of messages sent from 573 Worcester Rd., Framingham, Massachusetts) ("Based on the available evidence, it appeared Amber Hanson had sent the messages to herself and Travis Hanson."). Ms. Hanson's intent in traveling to a coffee shop in Massachusetts near Mr. Gaikwad's home to fabricate and send these text messages to herself was clear: she wished to manufacture evidence of criminal harassment in order to obtain restraining orders against Mr. Gaikwad, which Ms. Hanson caused to be served upon Mr. Gaikwad in Massachusetts by the Holliston police department. *See* Ex. B at ¶¶ 4-8. Ms. Hanson apparently understood that in order to convince law enforcement to criminally charge Mr. Gaikwad, the fabricated text messages needed to be sent from a location close to where Mr. Gaikwad was physically located (his home in Massachusetts) and not from Florida (where presumably Mr. Gaikwad could demonstrate he was not physically present). This same evidence

3

which Ms. Hanson fabricated from Massachusetts was used to obtain an arrest warrant directed at Mr. Gaikwad in Massachusetts. *Id.*

Ultimately the truth prevailed, with Mr. Gaikwad being released and the State of Florida charging Ms. Hanson with seven felonies including: perjury, making a false police report, fabricating evidence, harassing Mr. Gaikwad and obstruction of justice. *See* Compl. at Ex. B (uniform plea, acknowledgment, and waiver of rights). In August, 2025, Mr. Hanson pled guilty to each of the seven felony charges, receiving a jail sentence. *See id.* Regardless, Mr. Gaikwad incurred extensive harm in Massachusetts, including extreme emotional distress and professional harm. *See* Ex. B at ¶ 8-9. No fewer than twelve witnesses reside in and around Massachusetts with firsthand knowledge of Ms. Hanson's misconduct and the harm experienced by Mr. Gaikwad, several of whom Mr. Gaikwad will call at the trial in this case. *Id.* at ¶ 10.

## **LEGAL STANDARD**

To defeat a Rule 12(b)(2) motion to dismiss, a plaintiff must meet its burden of establishing personal jurisdiction over the defendant through the allegations of the pleadings and any supplemental filings, such as affidavits, that the plaintiff submits. *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016). Plaintiffs demonstrate personal jurisdiction in diversity cases by "satisfy[ing] the requirements of both the Due Process Clause of the federal Constitution and the Massachusetts long-arm statute." *Id.*

The Due Process Clause of the Fourteenth Amendment requires that a defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (cleaned up). Minimum contacts may be shown through a demonstration of specific jurisdiction, by proving three elements: (1) "whether the claim

4

directly arise[s] out of, or relate[s] to, the defendant's forum state activities;" (2) "whether the defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable;" and (3) "whether the exercise of jurisdiction is reasonable." *Id.* (quoting *C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.*, 771 F.3d 59, 65 (1st Cir. 2014)) (cleaned up).

The Massachusetts long-arm statute, M.G.L. ch. 223A § 3, confers statutory jurisdiction on non-Massachusetts residents when their "actions, although performed without physical entrance into the Commonwealth, were intentionally directed at, and caused injury to, a Massachusetts resident." *See Liu v. DeFelice*, 6 F. Supp. 2d 106, 109 (D. Mass. 1998) (holding specific jurisdiction and Massachusetts long-arm statute satisfied over New York resident that never entered Massachusetts but whose tortious conduct targeted Massachusetts resident); *see also* M.G.L. 223A § 3(c) (permitting jurisdiction for acts over non-residents for "causing tortious injury by an act or omission in this commonwealth").

## ARGUMENT

**I.  Ms. Hanson has sufficient minimum contacts with Massachusetts by traveling to and fabricating evidence in Massachusetts, by targeting Mr. Gaikwad in Massachusetts, and by attempting to derail the State Court Action in Massachusetts.**

Ms. Hanson's crimes, to which she pled guilty in Florida, concern her continued malevolent targeting of Mr. Gaikwad to destroy his life in Massachusetts, are sufficient to establish personal jurisdiction for Mr. Gaikwad's claims in the above-captioned case. Ms. Hanson's actions both took place in Massachusetts (the fabrications of evidence) and constitute conduct directed at Massachusetts – either of which is sufficient to create personal jurisdiction. *See Calder v. Jones*, 465 U.S. 783, 788 (1984) ("Here, the plaintiff is the focus of the activities of the defendants out of which the suit arises."). In *Calder v. Jones*, the Supreme Court found that

5

California courts possessed personal jurisdiction over the Defendants: authors of a libelous magazine, article even though such authors otherwise had no relevant contacts with California:

> their intentional, and allegedly tortious, actions were expressly aimed at California. Petitioner South wrote and petitioner Calder edited an article that they knew would have a potentially devastating impact upon respondent. And they knew that the brunt of that injury would be felt by respondent in the State in which she lives and works . . . Under the circumstances, petitioners must 'reasonably anticipate being haled into court there' to answer for the truth of the statements made in their article.

*Id.* at 789-90. The *Calder* Court held that an "individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California." *Id.* at 790. Here, precisely like in *Calder*, the defendant expressly targeted another state by fabricating falsities about a resident of such state and tortiously inflicting harm upon them. Were that not enough, personal jurisdiction is even clearer here than in *Calder* because **Ms. Hanson personally traveled to Massachusetts to fabricate the evidence she used to target Mr. Gaikwad with her bogus restraining order and arrest warrant**. *See generally* Ex. A. *See also MHA Fin. Corp. v. Varenko Invs. Ltd.*, 583 F. Supp. 2d 173, 179-80 (D. Mass. 2008) (**holding service of process in abuse of process claim was sufficient for personal jurisdiction**). Ms. Hanson has sufficient minimum contacts to permit personal jurisdiction. *See Calder* at 791 ("We hold that jurisdiction over petitioners in California is proper because of their intentional conduct in Florida calculated to cause injury to respondent in California.").

*First,* Ms. Hansons tortious acts undertaken in Massachusetts satisfy the requirement of relatedness. This "flexible, relaxed" prong only requires Plaintiff to show that the claim has a "demonstrable nexus" to contacts in the forum state. *Knox v. MetalForming, Inc.*, 914 F.3d 685, 691 (1st Cir. 2019). Ms. Hanson's acts are a continuation of her pattern and practice of attacking Mr. Gaikwad with false and defamatory allegations attempting to destroy his life in

6

Massachusetts. Her fabricated evidence, which she created in Massachusetts, sought in part to hinder the ongoing litigation against Mr. Hanson in the State Court Action concerning her demonstrably false rape allegations, which she claimed occurred in Massachusetts. This easily meets the "flexible, relaxed" requirement of relatedness. *See id.*; *see also Edvisors Network, Inc. v. Educ. Advisors, Inc.*, 755 F. Supp. 2d 272, 281 (D. Mass. 2010); *MHA Fin. Corp.*, 583 F. Supp. at 179-80.

*Second*, Ms. Hanson purposefully availed Massachusetts through her actions, which were specifically targeted at this state. Purposeful availment "focuses on the defendant's intentionality," *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 623 (1st Cir.2001), and "is only satisfied when the defendant purposefully and voluntarily directs [her] activities toward the forum so that [s]he should expect, by virtue of the benefit [s]he receives, to be subject to the court's jurisdiction based on these contacts." *Id.* at 624. Again, Ms. Hanson is not called into this Court due to events beyond her control. She intentionally targeted Mr. Gaikwad as part of her ongoing crusade, fabricating evidence in Massachusetts, and using abusive legal processes to attack Mr. Gaikwad in Massachusetts with a restraining order and arrest warrant served by Massachusetts law enforcement. *See* Ex. B at ¶¶ 4-8. Similar facts unambiguously meet the requirements of purposeful availment. *Swiss Am. Bank* at 630 n. 8; *MHA Fin. Corp.*, 583 F. Supp. at 179-80 ("Defendants' contacts with Massachusetts were clearly voluntary. They caused a process server to serve . . . with full knowledge that it would be served in Massachusetts.").

*Third*, it is reasonable to subject Ms. Hanson to jurisdiction in Massachusetts. Reasonableness is established through the gestalt factors contained in *Burger King Corp. v. Rudzewicz*. *See generally Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 150 (1st Cir. 1995) ((1) "the defendant's burden of appearing," (2) "the forum state's interest in

7

adjudicating the dispute," (3) "the plaintiff's interest in obtaining convenient and effective relief," (4) "the judicial system's interest in obtaining the most effective resolution of the controversy," and (5) "the common interests of all sovereigns in promoting substantive social policies."). Here, Ms. Hanson, pled guilty to fabricating evidence in Massachusetts about Mr. Gaikwad, targeted Mr. Gaikwad with abusive legal processes in Massachusetts, and she articulates no "special or unusual burden" to litigating in Massachusetts, particularly since she already has to litigate in Massachusetts due to the State Court Action.[2] *See Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 11 (1st Cir. 2009) ("complaint about undue burden rings hollow, when its alternative would have resulted in two separate cases in two jurisdictions on opposite ends of the country"). Mr. Gaikwad, the victim of Ms. Hanson's criminal crusade, has a strong interest in litigating in Massachusetts, where he is the sole caretaker of his child and where the State Court Action is already proceeding. Massachusetts has a "demonstrable interest" in exercising jurisdiction over persons who cause "tortious injury" to its citizens. *See Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 211 (1st Cir. 1994). Given that the State Court Action is already pending in Massachusetts, with underlying facts and common witnesses, it is most efficient to litigate in Massachusetts. In short, all factors support that it is reasonable to subject Ms. Hanson to the jurisdiction of the Court. *See Burger King*, 471 U.S. at 477 ("where a defendant who purposefully has directed [her] activities at forum residents seeks to defeat jurisdiction, [s]he must present a compelling case that the presence of some other consideration would render jurisdiction unreasonable.").

---

[2] *See Sawtelle v. Farrell*, 70 F.3d 1381, 1395 (1st Cir. 1995) ("defending in a foreign jurisdiction almost always presents some measure of inconvenience, and hence this factor becomes meaningful only where a party can demonstrate a special or unusual burden.") (internal quotations removed).

## II.     The Massachusetts long-arm statute covers Ms. Hanson's conduct.

The Massachusetts long-arm statute covers Ms. Hanson's conduct against Mr. Gaikwad. M.G.L. ch. 223A § 3(c), permits jurisdiction for acts over non-residents for "causing tortious injury by an act or omission in this commonwealth." M.G.L. 223A § 3(c). Here Ms. Hanson fabricated evidence about Mr. Gaikwad <u>in Massachusetts</u>, abused legal processes <u>in Massachusetts</u> to target Mr. Gaikwad <u>in Massachusetts</u> with an arrest warrant and restraining order, and forcing Mr. Gaikwad to leave Massachusetts to defend himself, resulting in his unjust arrest and detainment. These acts were, in part, an attempt to hinder the Massachusetts State Court Action. Ms. Hanson engaged "act[s] or omission[s] in the commonwealth" through such conduct. *See Liu*, 6 F. Supp. 2d at 109 (D. Mass. 1998) (Massachusetts long-arm statute satisfied over New York resident that never even entered Massachusetts but whose tortious acts targeted Massachusetts resident). The Massachusetts long-arm statute provides for personal jurisdiction.

## III.    Venue is proper in the District of Massachusetts and *forum non conveniens* does not permit dismissal or transfer.

Venue for the above-captioned case is proper in Massachusetts and *forum non conveniens* does not permit dismissal or transfer. Under 28 U.S.C. § 1391, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In determining whether venue is proper, courts are "not required to determine the *best* venue," and venue may be proper in multiple jurisdictions. *See JLB LLC v.*

9

*Egger*, 462 F. Supp. 3d 68, 82 (D. Mass. 2020) (emphasis in original) (citing *Astro-Med, Inc.*, 591 F.3d 1, 12). "[V]enue may be proper where a single event in the forum was one part of the historical predicate for the instant suit, even though that single event was not related to the principal question for decision." *Van Eperen v. Massachusetts Mut. Life Ins., Co.*, 2017 WL 9249439, at *12 (D. Mass. Feb. 28, 2017), report and recommendation adopted, 2017 WL 2362004 (D. Mass. May 31, 2017) (internal quotation removed).

As set forth above, a substantial part of the events or omissions giving rise to the claim occurred in Massachusetts. Ms. Hanson undertook her criminal and tortious acts as set forth in the Complaint in an attempt to undermine the Massachusetts State Court litigation and to harm Mr. Gaikwad, a Massachusetts resident, with abusive process and emotional distress in the state. This is plainly "substantial." *See Uffner v. La Reunion Francaise*, S.A., 244 F.3d 38, 43 (1st Cir. 2001) (vacating and remanding); *see also Van Eperen*, 2017 WL 9249439 at *13 ("the court concludes that Massachusetts is a proper venue . . . injury occurred in Massachusetts, making Massachusetts one of the places where the fraud occurred."). Accordingly, venue is proper.

Ms. Hanson's *forum non conveniens* argument fares no better. As the First Circuit articulated: "the bar for a district court to dismiss a suit pursuant to the doctrine [of *forum non conveniens*] is a high one . . . as it guards against not mere inconvenience but a plaintiff 'by choice of an inconvenient forum' litigating in a manner that would 'vex, harass, or oppress the defendant . . .'" *Nandjou v. Marriott Int'l, Inc.*, 985 F.3d 135, 141 (1st Cir. 2021) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The Court should consider "the nature of the plaintiff's claims and the evidence that would be relied upon to adjudicate them, while giving particular attention to where the witnesses that the parties would rely upon are located and how burdensome it would be for them to appear in either the home or the foreign forum." *Id.* at 142.

Here, witnesses reside in and around Massachusetts, making transfer improper. *See id.* at 146 (vacating and remanding on *forum non conveniens*, holding district court failed to consider five American witnesses versus twenty-five Canadian witnesses). All or nearly all witnesses to Mr. Gaikwad's emotional distress and damages reside in or around Massachusetts, not Florida. The State Court action is already being litigated it Massachusetts and has overlapping witnesses. Massachusetts law enforcement served Mr. Gaikwad with Ms. Hanson's abusive process. Government records in the case are equally accessible in Massachusetts and Florida. Indeed, as Ms. Hanson pled guilty to the seven felonies she was charged with, there is little evidence that will need to be gathered in the case other than evidence on the consequences of Ms. Hanson's malevolent actions, which were sustained or documented in Massachusetts, not Florida. Mr. Gaikwad's medical treatments and related expert witnesses reside in or around Massachusetts. Ms. Hanson has failed to clear the immensely high bar of *forum non conveniens*. *See id.* at 141.

## IV.    Transfer of venue under 28 U.S.C. §§ 1404(a) is unwarranted.

For the same reasons set forth in Mr. Gaikwad's *forum non conveniens* analysis above, transfer of venue under 28 U.S.C. §§ 1404(a) is unwarranted. Either party will be inconvenienced regardless of whether this case is in Florida or Massachusetts and, given Ms. Hanson's guilty plea, most of the contested evidence and material witnesses are in Massachusetts, not Florida. Ms. Hanson had not provided through a sworn document any valid basis to transfer the case. *See Berman Devalerio Pease Tabacco Burt & Pucillo v. Rubinstein*, 2008 WL 7593022, at *12 (D. Mass. Feb. 28, 2008). Accordingly, transfer is improper.

## Conclusion

Wherefore, for the reasons set forth above, Mr. Gaikwad respectfully requests that the Court deny the Motion and award Mr. Gaikwad his attorneys fees and costs associated with having to defend against her frivolous motion.

Respectfully submitted,

PARIKSHIT GAIKWAD

By his attorneys,

 */s/ Evan A. Johnson*
David H. Rich (BBO No. 634275)
Evan A. Johnson (BBO No. 699582)
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
ejohnson@toddweld.com
drich@toddweld.com

Dated: December 30, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

*/s/ Evan A. Johnson*
Evan A. Johnson
