# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARIKSHIT GAIKWAD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:25-CV-13596 |
| ) | |
| v. ) | |
| ) | |
| AMBER HANSON, ) | |
| ) | |
| Defendant. ) | |

### AFFIDAVIT OF PARIKSHIT GAIKWAD

I, Parikshit Gaikwad, under oath, hereby declare and state the following:

1. My name is Parikshit Gaikwad and I am a resident of Holliston, Massachusetts and have been for all times pertinent to the above-captioned case.

2. The facts set forth in this Affidavit are based upon my personal knowledge.

3. The document submitted as Exhibit A to my opposition brief is a true and accurate copy of a document produced by Ms. Hanson in discovery in a parallel proceeding I brought against Ms. Hanson in Middlesex Superior Court (Civil Action No. 2381CV03289), and is a Sheriff's report from the Hillsborough County Sheriff's Department authored by Detective Michael J. Herd.

4. Based upon that Sheriff's report and video surveillance I reviewed, it is my understanding and belief that on or around March 9, 2024, Ms. Hanson traveled from Florida to Framingham, Massachusetts and sent herself a series of threatening messages from a Starbucks in Framingham using two separate cell phones. Despite sending herself such messages in

1

Massachusetts, Ms. Hanson attributed the messages to me, using them to obtain restraining orders and an arrest warrant in Florida against me.

5. It bears noting that Holliston and Framingham are adjacent towns. During our prior relationship, Ms. Hanson learned that I regularly purchased Starbucks for coffee near my residence. It is my firm belief that Ms. Hanson selected the Framingham Starbucks to send these bogus and fabricated text messages in a failed attempt to tie me geographically to these fabricated text messages.

6. I was first made aware of Ms. Hanson traveling to a Starbucks in Framingham, Massachusetts to send these fabricated text messages when Florida law enforcement asked me to review the video surveillance footage from Starbucks referenced in the Sheriff's report. More specifically, law enforcement asked me to review the video footage to positively identify Ms. Hanson. At law enforcement's request, I reviewed the video footage from the Starbucks in Framingham and confirmed to law enforcement that it was indeed Ms. Hanson depicted in the Framingham Starbucks surveillance footage.

7. In March, 2024, the Holliston Police Department served me on two separate occasions with *ex parte* restraining orders which Ms. Hanson had procured through the use of fabricated evidence (including evidence fabricated from Massachusetts) which purported to show that I had sent Ms. Hanson's harassing and threatening text messages.

8. Ms. Hanson's fabricated evidence that she used against me, as well as my subsequent arrest, caused me harm to my professional life in Massachusetts.

9. Ms. Hanson's fabricated evidence that she used against me, as well as my subsequent arrest based upon that fabricated evidence, caused me immense emotional distress in

Massachusetts. I have experienced stress, anxiety, sleeplessness, concentration issues, avoidance of in-person social interaction, and post-traumatic stress disorder.

10. Numerous persons with personal knowledge about Ms. Hanson's actions and their effects on my personal and professional life reside, to the best of my knowledge, in or around Massachusetts, including but not limited to:

1. Radhika Dahale: individual who was directly contacted by Ms. Hanson directly and has firsthand knowledge of the effects of Ms. Hanson's conduct against me.

2. Atul Tatke: individual who was directly or indirectly contacted by Ms. Hanson directly and has firsthand knowledge of the effects of Ms. Hanson's conduct against me.

3. Rahim Merchant: individual who was directly or indirectly contacted by Ms. Hanson directly and has firsthand knowledge of the effects of Ms. Hanson's conduct against me.

4. Ajinkya Lahade: individual who was directly or indirectly contacted by Ms. Hanson directly and has firsthand knowledge of the effects of Ms. Hanson's conduct against me.

5. Mo Punjwani: individual who has firsthand knowledge of the effects of Ms. Hanson's conduct against me and Ms. Hanson's improper attempts to obtain restraining orders against me.

6. Bryan DiGiorgio: Holliston Police Department Officer who was directly contacted by Ms. Hanson directly and has firsthand knowledge of the effects of Ms. Hanson's conduct against me.

7. <u>Chris Avey</u>: Holliston Police Department Officer who has firsthand knowledge of the effects of Ms. Hanson's conduct against me.

8. <u>Vidur Patel</u>: individual who was directly contacted by Ms. Hanson directly and has firsthand knowledge of the effects of Ms. Hanson's conduct against me.

9. <u>John Compton</u>: individual who has firsthand knowledge of the effects of Ms. Hanson's conduct against me.

10. <u>Neeti Shah</u>: a therapist who treated me in Massachusetts for harm caused by Ms. Hanson.

11. <u>Dr. Sangeeta Banerjee</u>: a psychologist who treated me in Massachusetts for harm caused by Ms. Hanson.

12. <u>Dr. Matthais Nurnberger</u>: a physician who treated me in Massachusetts related to harm caused by Ms. Hanson.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 30th day of December 2025

_____
Parikshit Gaikwad